UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 5:11-cr-34-Oc-10TBS

ELEUTERIO HERNANDEZ-ECHEVERRIA, ET AL.
_____

## ORDER OF DETENTION PENDING TRIAL

This matter came before the Court on defendant, Leonel Hernandez-Echeverria's Motion for Pretrial Release upon Reasonable Conditions (Doc. 57).

On the basis of the testimony which this Court has heard at earlier hearings in this case, the information contained in the pretrial services report, the proffers and testimony offered by the defendant, the testimony provided at earlier hearings in this case, and the proffers by the government today and at earlier hearings in this case, I find that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and the safety of the community pending trial.[1] The following constitutes my written findings and reasons for detention as required by 18 U.S.C. § 3142(i)(1).

## DISCUSSION

The Bail Reform Act of 1984 allows the Court to detain a person pending trial if the government shows that no conditions of release "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The Supreme Court has upheld the constitutionality

---

[1] The finding regarding flight risk is based on a preponderance of the evidence, see United States v. Medina, 775 F.2d 1398 (11th Cir. 1985) and the finding regarding dangerousness is based on clear and convincing evidence.

of the Act as a regulatory, not a punitive, measure.  United States v. Salerno, 481 U.S. 739, 747 (1987).  The Act represents the judgment of Congress that certain persons charged with serious offenses pose a danger to society if released pending trial.  The Salerno Court recognized that Congress may validly provide for pretrial detention of such persons in certain limited circumstances as a legitimate legislative solution to the pressing societal problem of crime.  Id.  Congress has imposed upon the courts the responsibility of accommodating the legitimate societal goals embodied in the Bail Reform Act while safeguarding the fundamental rights of criminal defendants who are presumed innocent until proven guilty beyond a reasonable doubt.

The Bail Reform Act establishes numerous procedural safeguards for the accused and requires the government to prove its case of danger to the community "by clear and convincing evidence."  18 U.S.C. § 3142(f).

As one procedural safeguard, Congress has provided that pretrial detention for "dangerousness" is only available to the government when the defendant is charged with certain dangerous crimes.  The Bail Reform Act establishes a two-step procedure.  First, the Court must determine whether the defendant has been charged with one of the enumerated predicate offenses.  If so, the inquiry turns to the second step - whether any combination of conditions will adequately ensure the community against any danger prosed by defendant's pretrial release.

In this case, the defendant has been indicated on a predicate controlled substance offense, carrying a maximum term of imprisonment of more than ten years. The first step of the statutory procedure is therefore, satisfied and the Government is entitled to seek detention on the grounds of dangerousness and flight risk.

The second question for this Court under the Bail Reform Act is whether any condition or combination of conditions of release will reasonably assure the safety of the community. In attempting to meet its burden on this issue, the government has the benefit of the statutory presumption created by 18 U.S.C. § 3142(e). That section creates the rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probably cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act..." 18 U.S.C. § 3142(e). An indictment alone suffices to establish probable cause under this section without further proof of the underlying offense. United States v. Hurtado, 779 F.2d 1467 (11th Cir. 1985). The rebuttable presumption, therefore, applies to this case because of the charges in the indictment.

The statutory presumption represents a Congressional finding that narcotics violators as a group are likely to flee and to engage in further criminal conduct undeterred by the pendency of charges against them. The legislative history shows that Congress found greater recidivism among persons charged with serious drug felonies. S. Rep. No. 225, 98th Cong., 2nd Sess. (1984) reprinted in 1984 U.S. Code Cong. Admin. News 3182.

The statutory presumption, however, imposes only a burden of production on the defendant. The burden of persuasion always remains with the government. See, United States v. Hurtado, 779 F.2d 1467 (11th Cir. 1985) and United States v. King, 849 F.2d 485 (11th Cir. 1988). If the defendant produces no evidence to rebut the

presumption, the strength of the presumption alone may justify detention.  United States v. Alatishe, 768 F.2d 364, 371 n. 14 (D.C. Cir. 1985).  If the defendant does rebut the presumption, the presumption is no eliminated entirely.  The "rebutted" presumption remains in the case as a factor mitigating against release, to be considered by the Court with the other factors set forth in 18 U.S.C. § 3142(g).  United States .v King, 849 F.2d at 488; United States v. Jessup, 757 F.2d 378, 383-84 (1st Cir. 1985).

To rebut the presumption, a defendant need not produce evidence negating the finding of probable cause that he committed the underlying offense, nor is he expected to somehow negate the general Congressional finding that drug offenders may pose a general danger to the community.  United States v. Dominguez, 783 F.2d 702, 706 (7th Cir. 1986).  Instead, the defendant must produce evidence showing that "what is true in general is not true in the particular case," either because of the specific crime charged or because of defendant's particular circumstances.  United States v. Jessup, 757 F.2d at 384.  Defendant's burden may be met by evidence bearing on any of the factors set forth in 18 U.S.C. § 3142(g), including employment history, criminal history, community ties, and physical and mental condition.

In making its determination of whether this defendant is a risk of flight the Court must review all relevant factors in 18 U.S.C. § 3142(g), to determine whether any condition or combination of conditions will reasonably assure that the defendant will not pose a serious risk of flight if released.  These factors uniformly weigh against the defendant.  In addition to the findings the Court made on the record in open court, all of which are expressly incorporated into this Order by reference the Court makes the following findings.

Nature of Offense.

This is a serious case. The defendant and his co-defendants are accused of having transported with the intent to deliver and sell in the Middle District of Florida, multiple kilograms of cocaine. In furtherance of the crimes alleged, this defendant operated a pickup truck which contained an AK-47 type assault rifle, two banana clips of rifle ammunition, a loaded handgun and at least one kilogram of cocaine. The banana clips of ammunition were taped together so that after one clip was expended the clips could quickly be reversed and fire of the assault rifle could continue with only minimal interruption. The defendant fled from law enforcement in the pickup truck containing the contraband. The combination of drugs and firearms in this case is a dangerous recipe with a high potential for damage to the community.

Weight of the Evidence. Bearing in mind the presumption of innocence, the Court must, nevertheless, consider the weight of the evidence against the defendant. The government has a compelling case against the defendant.

History and Characteristics of the Defendant. The Court is to take into consideration a wide variety of factors concerning the defendant's character, family ties, employment, past conduct and criminal history. 18 U.S.C. § 3142(g)(3)(A). The defendant was born in Mexico and is a Mexican citizen but he is legally in this country and has lived virtually his entire life in Marion County, Florida. He is single. His friends, much of his family and his employment are here. However, the immigration status of his sister and her husband, with whom he proposes to live, is questionable. Given the nature of the charges against the defendant and his ties to Mexico there is reasonable cause for concern that he would flee if released.

The Nature and Seriousness of the Danger.  The principal concern of Congress in passing the Bail Reform Act was the ability of drug defendants to continue their trafficking activities while they await trial.  For the reasons already discussed, there is probable cause to believe the defendant presents a risk of danger to the community and a danger of flight if released on bail at this time.

I am, therefore, satisfied by the evidence and other proofs that no condition or combination of conditions will reasonably assure the safety of the community and the appearance of the Defendant should Defendant be released pending trial.

Accordingly, it is hereupon:

ORDERED AND ADJUDGED that:

Defendant, Leonel Hernandez-Echeverria  is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extend practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED in Ocala, Florida, on January 17, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    United States Marshal
    Assistant United States Attorney Philip Lammens
    Counsel for the defendant
    Defendant in care of his attorney
    Other Counsel of Record